A89A1903. WENZCEL TILE COMPANY OF FLORIDA, INC.
v. NEWMAN.

(391 SE2d 652)

Deen, Presiding Judge.

The appellant, Wenzcel Tile Company of Florida, Inc. (Wenzcel), commenced this action against the appellee, R. A. Newman, to recover on an account. Newman defended on the basis that the debt for the purchase of tile products from Wenzcel was owed by his corporation, R. A. Newman, Jr., Inc., and not by himself individually. The jury returned a verdict for Newman, and, following the trial court's denial of Wenzcel's motion for judgment notwithstanding the verdict or for new trial, Wenzcel brings this appeal. *Held*:

1. In moving for directed verdict and for judgment n.o.v., Wenzcel contended that there was no evidence that it had transacted business with Newman's corporation, rather than Newman individually. However, as noted by the trial court, there was evidence that the credit application for the purchase of the tile products was submitted in the corporation's name, and that at no time did Wenzcel inform Newman of its decision, claimed during the trial, to extend credit only to Newman individually. Also, Wenzcel sent bills to the corporate address, and a number of the bills was paid by corporate checks. This evidence would support a finding that Wenzcel contracted with the corporate entity of R. A. Newman, Jr., Inc., and not Newman the individual.

A grant of either a motion for directed verdict or judgment n.o.v. is authorized only when the evidence and all reasonable deductions therefrom demand a verdict in favor of the movant. *Mercer v. Woodard*, 166 Ga. App. 119 (13) (303 SE2d 475) (1983). Under this standard, the trial court properly denied Wenzcel's motions.

2. The trial court instructed the jury about "the general rule that when an agent, in making a contract, discloses to the other contracting party that he is acting for a named principal, the principal is responsible and not the agent." The trial court further charged the jury that "[a]n agent may expressly contract on his own credit and be bound, even though his principal be known." Thus, contrary to Wenzcel's contention on appeal, the trial court's instructions on agent liability did not imply that mere disclosure of a principal will relieve an agent of any liability.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

Decided September 26, 1989 —
Rehearing denied March 9, 1990.

*Allen W. Johnson*, for appellant.

*Gail D. Stebbins*, for appellee.